B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: American Land Acquisition Corporation | Case Number: 8-12-76440-ast |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Wayne Miller

Name and address where notices should be sent:
c/o Fallon and Fallon, LLP
53 Main St., Suite 1
Sayville, NY 11782

Telephone number: (631) 567-0340    email: davidfallon@msn.com

**COURT USE ONLY**

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 53543.37

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** $40,000 note secured by mortgage on real property
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate  ❐ Motor Vehicle  ❐ Other
Describe:

Value of Property: $ 600,000 approximately Subject to appraisal

Annual Interest Rate 12.000% ☑ Fixed or ❐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ 53543.37

**Basis for perfection:** Filed mortgage/judgment

**Amount of Secured Claim:** $ 53543.37

**Amount Unsecured:** $ 0

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

RECEIVED
2012 DEC 18 A
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT
NEW YORK

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain

---

8. **Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor
                                                                        or their authorized agent.            (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief

| | | |
|---|---|---|
| Print Name   Wayne Miller | | 12/17/12 |
| Title | | |
| Company | | |
| Address and telephone number (if different from notice address above) | (Signature) | (Date) |
| 2 6 3  R i v e r  A v e .  | | |
| PATCHOGUE , NY  11772 | | |

Telephone number 631-758-6916   email  WAYNE . MILLER @ CNA SURETY . COM

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 and 3571

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the debtor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title; if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**In Re**                                          **Case No. 8-12-76440-AST**

**AMERICAN LAND ACQUISITION CORPORATION**

STATEMENT OF INTEREST BY CREDITOR WAYNE MILLER

Mortgage    $40,000
Judgment    $51,138.63 (amount awarded in judgment)
              705.00 costs awarded
              1,699.74 interest accrued
                    since 6/14/12

       $53,543.37 Total owed as of 10/26/12

At a Special Term of the
Supreme Court of the State of New
York, held in and for the County of
Suffolk at the Courthouse located at
Court Street, Riverhead, New York
on the 18th day of July
2012.

P R E S E N T:

Hon. **DENISE F. MOLIA**

Justice.

-----------------------------------------------------------------x

WAYNE MILLER

Plaintiffs,

-against-

AMERICAN LAND ACQUISITION CORPORATION,
DALE R. JAVINO, JOSEPH F. GAZZA as executor of
the Estate of Joseph Gazza and JOHN DOE#1 through 12,
the last name being fictitious and unknown to
the Plaintiff, the person or parties intended being the
person or parties, if any, having or claiming an
interest in or lien upon the mortgaged premises
described in the Complaint,

Defendants.

-----------------------------------------------------------------x

Index No. 10-41510

SEQ 003

Judgment of Foreclosure
and Sale

ENTERED    SEP 19 2012
AT: 10 28 Am

On the summons and verified complaint duly filed in this action and on

reading and filing the affidavits of service heretofore filed in the office of the

Clerk of Suffolk County, and on reading and filing the affirmation of David P.

Fallon, duly sworn to on the 19th day of June, 2012, from which it appears that all

of the defendants have been served with the summons and complaint; that their

time to answer or move with respect to the complaint has expired and that no

answer or motion directed to the complaint or otherwise has been interposed by

1

them or on their behalf and that the time to do so has not been extended by consent or by order of this court, and that the defendants are in default except for JOSEPH F. GAZZA, as executor of the Estate of Joseph Gazza, who entered an appearance and requested service of all papers and notices of proceedings; that none of the defendants are infants, incompetents or absentees; that the verified complaint herein and the notice of pendency of this action containing all of the particulars required to be stated therein was duly filed in the office of the Clerk of Suffolk County on 11/12/10; that since the filing of the notice of pendency the summons and complaint herein have not been amended by adding new parties to the action or so as to affect premises not described in said notice or so as to extend the claim of the plaintiffs against the mortgaged premises except that by order of Justice Denise F. Molia dated November 2, 2011 defendant named as "JOSEPH GAZZA" was stricken and replaced with the name "JOSEPH F. GAZZA as executor of the Estate of Joseph Gazza" and the title to the action was amended accordingly, and defendant Dale R. Jarvino was dismissed as a defendant, and an order of reference having been duly made on November 2, 2011 to compute the amount due to the plaintiff upon the mortgage set forth in the complaint and to examine and to report whether the mortgaged premises can be sold in parcels, and on reading and filing the report of Howard Bergson, Esq., the Referee named in the said order of reference, by which report bearing date the 18th day of June, 2012 it appears that the sum of $51,138.63 was due thereon at the date of the said report, and that the mortgaged premises can only be sold in one parcel; and it further appearing to the satisfaction of this court that none of the parties to this action is entitled to notice of this application;

NOW, on motion of FALLON AND FALLON, LLP attorneys for the Plaintiff,

2

ORDERED, ADJUDGED AND DECREED that the report of the Referee is confirmed in all respects; and it is further

ORDERED, ADJUDGED AND DECREED that the plaintiff have judgment for the sum of $51,138.63 with interest thereon from June 14, 2012, the date of the Referee's report, together with the costs and disbursements of this *amount of $703* action as taxed by the Clerk of this Court, all with interest thereon from the date hereof pursuant to the mortgage; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the complaint in this action as hereinafter set forth or such part thereof as is sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action as provided by applicable sections of the Real Property Actions and Proceedings Law be sold at public auction on the front steps of the Town Hall of the Town of Islip, 655 Main Street, Islip, New York, by or under the direction of Howard Bergson, Esq. who is hereby appointed Referee for that purpose. That said Referee give public notice of such sale according to law and the course and practice of this court by publishing notice of sale in the _____

_____    ISLIP BULLETIN    _____

a newspaper regularly published in the said County of Suffolk; that the plaintiffs or any party to this action may become the purchaser or purchasers at such sale; that if the plaintiff becomes the purchaser at the sale he shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers at such sale a deed to the premises sold; that such Referee on receiving the proceeds of such sale forthwith pay therefrom in accordance with their priority according to law, the taxes, assessments or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon unless said sale be made subject thereto; that said Referee

3



then deposit the balance of the proceeds of sale in the

ASTORIA  FEDERAL  SAVINGS, any branch                    and

shall thereafter make the following payments, and his checks drawn for that

purpose shall be paid by the said depository:

    1. The statutory fees of said Referee of Five Hundred ($500.00) Dollars.

    2. The expenses of the sale, advertising and posting expenses as shown on

the bills presented and certified by said Referee to be correct, duplicate copies of

which should be left with said depository.

    3. Said Referee shall also pay to the plaintiff or his attorneys, any advances

plaintiff has made for taxes, fire insurance and any other charges to maintain the

premises pending the consummation of this foreclosure sale, all with interest

thereon from the date hereof; and also $51,138.63 with interest, the said amount so

reported due as aforesaid.

    4. If the Referee intends to apply for a further allowance for his fees, he

may leave upon deposit such amount as will cover such additional fees to await the

further order of the court thereon after application duly made.

    That in case the plaintiff is the purchaser of the mortgaged premises at such

sale, or in the event the rights of the purchaser at said sale and the terms of sale

under this judgment be assigned to and acquired by the plaintiff, and a valid

assignment thereof be filed with said Referee, said Referee shall not require the

plaintiff to pay in cash the entire amount bid at said sale but shall execute and

deliver to the plaintiff a deed or deeds of the premises sold on the payment to said

Referee of the amounts specified above in items marked "1" and "2", or in lieu of

the payment thereof, upon filing with said Referee receipted bills for advertising,

posting and other expenses of the sale showing the payment thereof, the Referee

shall allow the same to the plaintiff; that the balance of the amount bid after

deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees,

4

advertising, posting and other expenses of the sale shall be allowed to the plaintiff and applied by the Referee upon the amount due to plaintiff as specified above in item "3"; and if after so applying the balance of the amount bid there shall be a surplus over and above the amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to him of said Referee's deed, the amount of such surplus, and he shall deposit it in the depository as hereinafter described.

That said Referee take the receipt of the plaintiff or his attorneys for the amounts paid as hereinbefore directed in item marked "3" and file it with his report of sale; that he deposit the surplus monies, if any, with the County Treasurer of Suffolk County within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of this court signed by a Justice of the Court; that said Referee make his report of such sale and file it with the Clerk of the County of Suffolk within ~~all convenient speed;~~ in thirty (30) days; that if the proceeds of said sale be insufficient to pay the amount so reported due to the plaintiff, with the expenses of sale, interest and costs, as aforesaid, the said Referee specify the amount of such deficiency in his report of sale; that if the proceeds of sale be insufficient to pay the amount reported due to the plaintiff with interest and costs, the plaintiff recovers of the defendant AMERICAN LAND ACQUISITION CORPORATION, the whole deficiency or so much as the court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds, provided a motion for a deficiency judgment shall be made as prescribed by the Real Property Actions and Proceedings Law Section 1371 within the time limited, and the amount is determined and awarded by an order of this court as provided for in that section; and it is further

5

ORDERED, ADJUDGED AND DECREED that the purchaser or purchasers at such sale be let into possession of the premises sold to them on production of the Referee's deed or deeds of said premises; and it is further

ORDERED, ADJUDGED AND DECREED that the defendants in this action and all persons claiming under them, or after the filing of said Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED that the premises hereinbefore mentioned and hereinafter more particularly bounded and described, be sold by the Referee or under his direction in one parcel in "as is" condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior mortgage liens of record, if any.

Annexed hereto, marked Schedule "A" is a description of the mortgaged premises as set forth in the complaint heretofore filed herein.

ORDERED, that by accepting this appointment the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2 (c) ("Disqualifications from appointment"), and section 36.2 (d) ("Limitations on appointments based upon compensation").

ENTER!

_Denise Molia_

J.S.C.

Hon. Denise F. Molia

_pursuant a Reassign_

GRANTED

JUL 18 2012

CLERK OF SUPREME COURT
of Suffolk County

6

The County Clerk of Suffolk County is hereby directed to docket this instrument as a judgment against the following defendants:

> American Land Acquisition Corporation
> 4600 Merrick Road
> Massapequa, New York 11758

Name and Address of Plaintiff:

> Wayne Miller
> 263 River Avenue, Unit 12
> Patchogue, New York 11772-3373

Name and Address of Plaintiffs' Attorney:

> Fallon and Fallon, LLP
> 53 Main Street
> Sayville, NY  11782

7







## SUFFOLK COUNTY CLERK
### RECORDS OFFICE
### RECORDING PAGE

Type of Instrument: MORTGAGE                     Recorded:    11/25/2009
Number of Pages: 5                               At:          02:43:23 PM
Receipt Number : 09-0136275
MORTGAGE NUMBER: DA041025                        LIBER:       M00021886
                                                 PAGE:        350

District:          Section:          Block:               Lot:
0500               105.00            02.00                133.001
                   EXAMINED AND CHARGED AS FOLLOWS
Mortgage Amount:            $40,000.00

Received the Following Fees For Above Instrument
                                Exempt                                  Exempt
     Page/Filing    $25.00      NO      Handling        $20.00          NO
     COE            $5.00       NO      NYS SRCHG        $15.00         NO
     Affidavit      $0.00       NO      Notation        $0.00          NO
     Cert.Copies    $0.00       NO      RPT             $110.00         NO
     Mort.Basic     $200.00     NO      Mort.Addl       $120.00         NO
     Mort.SplAddl   $100.00     NO      Mort.SplAsst    $0.00          NO
                                        Fees Paid       $595.00
MORTGAGE NUMBER: DA041025
               THIS PAGE IS A PART OF THE INSTRUMENT
               THIS IS NOT A BILL

                    JUDITH A. PASCALE
                    County Clerk, Suffolk County

Number of pages

**1** **2**

5

This document will be public
record. Please remove all
Social Security Numbers
prior to recording.

RECORDED
2009 Nov 25 02:43:23 PM
JUDITH A. PASCALE
CLERK OF
SUFFOLK COUNTY
L N00021886
P 350
DR041025

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

**3** FEES

| | | |
|---|---|---|
| Page / Filing Fee | _____ | Mortgage Amt. 10,000 |
| Handling | 5.00 | 1. Basic Tax _____ |
| TP-584 | _____ | 2. Additional Tax _____ |
| Notation | _____ | Sub Total _____ |
| EA-5217 (County) | Sub Total _____ | Spec./Assit. _____ or |
| EA-5217 (State) | | Spec./Add. 390 |
| R.P.T.S.A. | 110% | TOT. MTG. TAX |
| Comm. of Ed. | 5.00 | Dual Town _____ Dual County _____ Held for Appointment _____ |
| Affidavit | _____ | Transfer Tax _____ |
| Certified Copy | _____ | Mansion Tax _____ |
| NYS Surcharge | 15.00 Sub Total _____ | The property covered by this mortgage is or will be improved by a one or two family dwelling only. |
| Other | _____ Grand Total 175 | YES ✓ or NO ✓ |
| | | If NO, see appropriate tax clause on page # _____ of this instrument. |

| 4 Dist. 0500 | 0500 10500 0200 133001 | | 5 Community Preservation Fund |
|---|---|---|---|
| Real Property Tax Service Agency Verification | 0500 10500 0200 140001 0500 10500 0200 139001 0500 10500 0200 134000 0500 10500 0200 135000 | P T S R SFL A 25-NOV-09 | Consideration Amount $ _____ |
| | | | CPF Tax Due $ _____ |
| | | | Improved _____ |
| | | | Vacant Land _____ |

**6** Satisfactions/Discharges/Releases List Property Owners Mailing Address
**RECORD & RETURN TO:**

Wayne Miller
700 Lakeland Ave
Bohemia NY 11716

TD _____
TD _____
TD _____

| Mail to: Judith A. Pascale, Suffolk County Clerk 310 Center Drive, Riverhead, NY 11901 www.suffolkcountyny.gov/clerk | **7** | **Title Company Information** |
|---|---|---|
| | Co. Name | Infinity Abstract Agency |
| | Title # | W09026-5 |

**8** **Suffolk County Recording & Endorsement Page**

This page forms part of the attached ___Mortgage_____ made
by:                                    (SPECIFY TYPE OF INSTRUMENT)

American Land Acquisition Corporation The premises herein is situated in
                                       SUFFOLK COUNTY, NEW YORK.

TO                          In the TOWN of ___Islip_____

WAYNE MILLER               In the VILLAGE
                           or HAMLET of ___Ronkonkoma_____

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

(over)



283—Standard N.Y.B.T.U. Form 8—— 1st Mortgage
Individual or Corporation, ||

Blumberg Excelsior, PUBLISHER, NYC 10013
www.blumberg.com

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS MORTGAGE, made the 18th    day of September 2009

BETWEEN

AMERICAN LAND ACQUISITION CORPORATION
4600 MERRICK ROAD
MASSAPEQUA, NEW YORK 11758

. the mortgagor,

and

WAYNE MILLER
700 LAKELAND AVENUE
BOHEMIA, NEW YORK 11716

. the mortgagee.

WITNESSETH, that to secure the payment of an indebtedness in the sum of FORTY THOUSAND
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - dollars,
lawful money of the United States, to be paid

which shall become due and payable in full on March 18, 2010, and

with interest thereon to be computed from the date hereof, at the rate of 12%    per centum
per annum, and to be paid on the 18th    day of October 2009    . next ensuing and
thereafter.

on the 18th day of each month up to including March 18, 2010

according to a certain bond,

note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate
lying and being in the

Tax lot 135.000 and 139.000 NKA PART OF 139.001 WHICH INCLUDES PART OF
WESTERLY HALF OF POWELL AVENUE ABANDONMENT #5343
ALL that certain plot, piece or parcel of land, situate, lying, and being in
the township of Islip, County of Suffolk, State of New York, and being more
particularly known and designated on map of Section one of "Map of parkway
Manor" situate at Ronkonkoma, Long Island, surveyed April 1909, by Robert
Kurz, Civil Engineer & Surveyor, and filed in the office of the Clerk of
the County of Suffolk, on the 4th day of October 1909, as and map 262, as and
by lots 11 to 15, 26 to 28 and 31 to 41; AKA.SCTM#0500-105-02-135.000,
139.000,139.001.
Tax lot 134.00
ALL that certain plot, piece or parcel of land, situate, lying, and being
at Ronkonkoma, Town of Islip, County of Suffolk, State of New York, known
and designated as and lots 16 to 20 in block 18 on a certain map entitled,
"Map of Section 1 of parkway manor", situate at Ronkonkoma, long Island,
surveyed April 1909, Robert King, C.E. & S. Jamaica, New York, and filed in
the Office of the Clerk of the County of Suffolk on October 4, 1909, as Map
No. 262.AKA.SCTM#0500-105-02-134.000.
Tax Lot 140.000 NKA PART OF 140.001 WHICH INCLUDES PART OF WESTERLY HALF OF
POWELL AVENUE ABANDONMENT #5343
ALL that certain plot, piece or parcel of land, situate, lying and being at
Ronkonkoma, Town of Islip, County of Suffolk and state of New York, being
lots numbered Twenty-Nine (29) and thirty (30) in block Eighteen (18) on a
certain map entitled "Map of Section 1 of parkway Manor situated at
Ronkonkoma", Town of Islip, Suffolk County,New York, surveyed and certified
April, 1909, by Robert Kurz, Civil Engineer and Surveyor, and filed in the
Office of the Clerk of said County of Suffolk on the 4th day of October,

1909, as map No●62.AKA.SCTM#0500-105-02-140●0,140.001.

Tax lot 133.00 NKA PART OF 133.001 WHICH INCLUDES PART OF WESTERLY HALF
OF Powell Avenue Abandonment #5343
    ALL that certain plot, piece or parcel of land, situate, lying and
being at Ronkonkoma, Town of Islip, County of Suffolk, State of New
York, known and designated as and by Lot Nos. 21 to 25 incl. in Block 18
on a certain map entitled, "Map of Section 1 of parkway Manor, situated
at Ronkonkoma, Long Island, and Surveyed April 1909, by Robert Kurz,
C.E. & Surveyor, Jamaica,New York," and filed in the Office of the Clerk
of Suffolk county on 10-4-1909 as Map No. 262.
AKA.SCTM#0500-105-02-133.00,133.001.

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in instalments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first instalment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent. per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13. That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the mortgagee grants to the mortgagor the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor in the event of the passage of any law deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15. That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16. That the execution of this mortgage has been duly authorized by the board of directors of the mortgagor

AMERICAN LAND ACQUISITION CORPORATION
4600 MERRICK ROAD, NEW YORK 11758
DALE ROBERT JAVINO    SEC.

*Strike out this clause 16 if inapplicable*

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

IN WITNESS WHEREOF, this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:

AMERICAN LAND ACQUISITION CORP.

DALE ROBERT JAVINO    SEC.

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

State of New York, County of ⬤ffolk ss.:
On 9/18/09 before me, the undersigned,
personally appeared

Dale Jarvis

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Donna Lee Moore
Notary Public, State of New York and office of individual taking acknowledgment)
No. 01MA6156053
Qualified in Suffolk County
Commission Expires Nov. 29, 2010 OUTSIDE NEW YORK STATE (RPL 309-b)

State of                    County of            ss.:
On                         before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

(insert city or political subdivision and state or county or other place acknowledgment taken)

(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

State of  ⬤
County of                                }ss.:

On                        before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city, include the street and street number, if any, thereof);

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.
☐ (Taken outside New York State insert city or political subdivision and state) or county or other place acknowledgment taken) And that said Subscribing witness(es) made such appearance before the undersigned in

(signature and office of individual taking acknowledgment)

---

**Mortgage**

TITLE NO. W09026-S

AMERICAN LAND ACQUISITION CORP.

TO

WAYNE MILLER
700 LAKELAND AVENUE
BOHEMIA, NEW YORK 11716

District: 0500
SECTION 105.00
BLOCK 02.00
LOT 133.1,134.,135., 139.1& 140.1
COUNTY OR TOWN ISLIP

RETURN BY MAIL TO:

Wayne Miller
700 Lakeland Ave
Bohemia NY 11716

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

675 — Mortgage note, plain English, 11-98.

BlumbergExcelsior, Publisher, NYC 10013
www.blumberg.com

CONSULT YOUR LAWYER BEFORE SIGNING THIS FORM—THIS FORM SHOULD BE USED BY LAWYERS ONLY.

# Mortgage Note

$40,000.00 ......                                     Dated: September 18, 2009 ...............

**Promise to Pay**

I promise to pay to Wayne Miller
700 Lakeland Avenue
Bohemia, New York 11716
                                                                    (the "Lender")

**principal amount**

or order the sum of Forty Thousand (40,000) dollars

                                                            Dollars ($40,000)

**interest**

with interest at the rate of twelve (12)% per year from the above date until the debt is paid in full.

**payment**

I will pay the debt as follows: six (6) month balloon Mortgage @ 12% interest
Over a period of six months in equal monthly amortization payments of
$400.00 each, the first payment becoming due one month from the date
thereof which said payments are interest only with a $ 40,000 dollar
balloon payment due and payable on March 18, 2009.

Obligor shall have the right to prepay in whole or in part the principal
indebtedness at any time with additional penalty a minimum of six (6)
months interest shall be due in the event the loan is prepaid before the
due date.

Borrower will pay a late charge of 5% of any payment if not paid by the
5th day after the due date, but only one time for each late payment.

Prepayment: If I pay ahead of time I will have to pay interest for a
minimum of 6 months on the full amount of the principal.

**payment address**

Payment is to be made at Wayne Miller   700 Lakeland Avenue, Bohemia, New York 11716
or at whatever other address I am directed to pay.

**application of payment**

The Lender will apply each payment first to interest charges and then to repayment of the debt.

**This is a mortgage note**

This Note is secured by a Mortgage dated the same day as this Note.

**Default, when full amount due immediately**

Lender may declare the full amount of this Note due immediately for any default. The following are defaults:

    (a) failure to pay, when due, any amount payable on any of my obligations under this Note;

    (b) Failure to do anything I am obligated to do under the Mortgage.
Anything that would be a default under the Mortgage will also be a default under this Note. This means that upon the Lender's demand, I will have to pay the full amount of this debt plus any other charges which the Lender is entitled to under the Mortgage.

**Prepayment**

I can repay the entire debt in advance whenever I want, or I can repay part of the debt in multiples of $100 in advance whenever a regular monthly payment is due. There will be no extra charge for this. If I pay ahead of time, I will have to pay interest on the payment prepaid only to the date of prepayment.

**Notice not required**

If the Note is not paid when due, the Lender does not have to notify me before the Lender can enforce rights to collect all amounts due. The Lender does not have to present this Note, demand payment or protest.

| | |
|---|---|
| No waiver | Delay or failure of the Lender to take any action will not prevent Lender from doing so later. |
| Applicable law | The laws of the State of New York shall apply to this Note. |
| No oral changes | This Note cannot be changed except in writing signed by the Lender. |
| Who is bound | "I," "me" and "my" refer to each signer of this Note. Each of us is liable to pay any amount due or which may become due separately and individually. |

AMERICAN LAND ACQUISITION CORPORATION
4600 MERRICK ROAD
MASSAPEQUA, NEW YORK 11758

DALE ROBERT JAVINO      PRESIDENT
                        TREASURER
                        SECRETARY
                        SOLE SHAREHOLDER

---

Signature, print or type name beneath

DALE ROBERT JAVINO      SEC.

Signature, print or type name beneath

4600 MERRICK ROAD
                        Address

MASSAPEQUA, NEW YORK 11758

                        Address

---

**ACKNOWLEDGMENT RPL 309-a**

State of New York, County of Suffolk      ss:

On 9/18/09 before me, the undersigned, personally appeared Dale Javino

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Donna Mccri

*(signature and office of individual taking acknowledgment)*

State of New York, County of      ss

On      before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*(signature and office of individual taking acknowledgment)*

---

Donna Lee Mccri
Notary Public, State of NY
No. 01MA6166063
Qualified in Suffolk County
Commission Expires: Nov. 20 2010

# Mortgage Note

AMERICAN LAND ACQUISITION CORP.
4600 MERRICK ROAD
MASSAPEQUA, NEW YORK 11758

TO

WAYNE MILLER
700 LAKELAND AVENUE
BOHEMIA, NEW YORK 11716

Dated: SEPTEMBER 18, 2009