UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                              Chapter 7

American Land Acquisition Corporation,              Case No. 812-76440-735

       Debtor.                                      Fee Application

----------------------------------------------------------X

       Marc A. Pergament, Trustee of the estate of American Land Acquisition Corporation, by his attorneys, Weinberg, Gross & Pergament LLP represents as follows:

       1.      On October 26, 2012, the Debtor herein filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code and Marc A. Pergament was appointed interim Trustee, duly qualified, and by operation of law, became the permanent Trustee of this bankruptcy case.

       2.      This application is submitted in support of the request for the award of fees and reimbursement of expenses by the Trustee's attorneys and accountants.

       3.      On December 6, 2012, by Order of the Bankruptcy Court (Trust, U.S.B.J.), Weinberg, Gross & Pergament LLP was retained as the Trustee's attorneys in this bankruptcy case.

       4.      A copy of the Order of retention of Weinberg, Gross & Pergament LLP is annexed hereto as Exhibit "A."

       5.      On April 29, 2013, by Order of the Bankruptcy Court (Trust, U.S.B.J.), Giambalvo, Stalzer & Company, CPAS, P.C. was retained as the Trustee's accountant in this bankruptcy case. A copy of the Order of retention of Giambalvo, Stalzer & Company, CPAS, P.C. is annexed hereto as Exhibit "B."

6. The Trustee's attorneys represented the Trustee with respect to the sale of the Trustee's right, title and interest in the Debtor's real property located at 1000 10th Street, Ronkonkoma, New York ("Real Property"). Through these services, all creditors were paid in full.

7. Upon the commencement of the bankruptcy case, the Debtor's principal, Dale Javino undertook every possible maneuver, proper or otherwise, to derail the Trustee's administration of this bankruptcy case and the sale of the Real Property.

8. Following the retention of counsel, the Trustee's attorneys represented the Trustee to oppose the Debtor's motion to dismiss the case and after lengthy hearings before the Court, were successful in defeating Mr. Javino's motion.

9. Thereafter, Mr. Javino filed a Deed with the Suffolk County Clerk transferring the Real Property from the Debtor to himself. The Trustee immediately moved for relief from the Bankruptcy Court and obtained an Order voiding the improperly filed Deed.

10. The Trustee had retained a real estate broker and a ready, willing and able purchaser was located and the Trustee's attorneys prepared the motion to sell the Real Property, subject to higher and better offers. Mr. Javino opposed that application and hearings were held by the Court with respect to the motion. The motion was granted after Mr. Javino was given an opportunity to come forward with a proposal where he would be able to retain the Real Property and satisfy the obligations for unpaid real estate taxes and the debts owed to the first and second mortgagees. Mr. Javino failed to comply with the Court's Order.

11. Further, Mr. Javino commenced a lawsuit in the United State District Court against the Trustee, which was baseless, and after the Trustee's attorneys prepared a motion to dismiss, the motion was granted and the lawsuit was dismissed.

12. The Real Property had been filled with substantial construction debris and other items and equipment by Mr. Javino over several years, which placed him in a dispute with the New York State Department of Environment Conservation. Mr. Javino was directed to clean the Real Property and remove his personal property. Mr. Javino, after having been given numerous opportunities, failed to comply with the orders.

13. Mr. Javino failed to remove his own personal property after he was given notice.

14. The Trustee's attorneys obtained the necessary relief from the Court and hired a contractor to remove the debris so it would be in broom clean condition in accordance with the sale Order.

15. Mr. Javino tried to prevent the clean-up and the Trustee's attorneys were able to obtain the necessary relief from the Court and the clean-up was accomplished and the closing was held.

16. Mr. Javino continued his assault on the Trustee and his counsel and filed appeals with the United State District Court and all of those appeals were denied and he thereafter appealed to the United States Court of Appeals for the Second Circuit and that appeal was also denied.

17. The Court is very familiar with the long detailed history of this case and I refer the Court to the various orders and motions that have been filed.

18. The Trustee's attorneys are seeking an award of compensation for their services rendered in the sum of $100,041.45, plus $4,626.66 for reimbursement of disbursements. The actual time expended by the Trustee's attorneys was $150,219.40 and they are not seeking these funds as it would require the liquidation of assets solely for their benefit.

19. The Trustee's accountants, Giambalvo, Stalzer & Company, CPAS, P.C., prepared the Trustee's fiduciary federal and state income tax returns and are seeking fees in the sum of $1,702.50 plus $21.21 for reimbursement of disbursements.

20. The Trustee's attorneys have not entered into any agreement, express or implied, with any other party in interest including any creditor or any representative of them or with any attorney or accountant for such party in interest for the purpose of fixing the fees for the compensation for services rendered or expenses incurred in connection with this case. No agreement exists between the applicant and any other person that is sharing compensation to be received for services rendered in this case. All services for which compensation is requested were performed for on behalf of the Trustee and the Estate and not on behalf of any committee, creditor or other person.

21. The Trustee recommends the award of compensation for his attorneys as said amounts are reasonable as demonstrated in the timesheets annexed herein. A copy of the timesheets of Weinberg, Gross & Pergament LLP are annexed hereto as Exhibit "C" and the biographical summary of Weinberg, Gross & Pergament LLP is annexed hereto as Exhibit "D" and the detailed bill of Giambalvo, Stalzer & Company, CPAS, P.C. is annexed hereto as Exhibit "E."

22. The Trustee respectfully requests the award of compensation as requested.

Dated: Garden City, New York
September 24, 2015

                                        Weinberg, Gross & Pergament LLP
                                        Attorneys for Trustee

By: _____
       Marc A. Pergament
       400 Garden City Plaza, Suite 403
       Garden City, New York 11530
       (516) 877-2424

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                                    Chapter 7

American Land Acquisition Corporation,                    Case No. 812-76440-735

       Debtor.                                       AFFIDAVIT

----------------------------------------------------------X

STATE OF NEW YORK      )
                                  ) ss.:
COUNTY OF NASSAU       )

    Robert Giambalvo, being duly sworn, deposes and says:

    1.    I am a certified public accountant licensed to practice in the State of New York and my firm maintains its office located at 3500 Sunrise Highway, Suite 100, Building 100, Great River, New York and my firm was retained as the Trustee's accountants in the above-referenced matter.

    2.    My firm performed substantial services for the Trustee, including review of all financial records. My firm prepared the year end work papers and necessary tax returns for the Trustee. Specifically, we prepared the New York State and Federal tax return for one year.

    3.    My firm also consulted with the Trustee and his attorneys concerning the preparation of the tax returns.

    4.    We request fees in the sum of $1,702.50 and reimbursement of expenses in the sum of $21.21 for a total sum of $1,723.71.

    5.    We believe that our request for $1,723.71 is reasonable for the services rendered herein. A copy of our detailed bill is annexed hereto as Exhibit "E."

6.  No prior application for allowance and compensation was made.

WHEREFORE, it is respectfully requested that the firm of Giambalvo, Stalzer & Company, CPAS, P.C. be granted an order pursuant to §330 of the Bankruptcy Code awarding fees as requested and for such other and further relief as the Court seems just and proper.

_____
Robert Giambalvo

Sworn to before me this
3rd day of September, 2015.

_____
NOTARY PUBLIC

DAWN ANN PEDUS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PE6090683
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 4/21/2019

2