Court Orig

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

In Re: American Land Acquisition Corporation        Case No 812 - 76440

Debtor(s)

-------------------------------------------------------------------------------------

### OBJECTIONS TO TRUSTEE'S FINAL REPORT

### Opening Statement

1). COMES NOW DALE ROBERT JAVINO deemed Responsible party by this Court

on motion by Trustee Pergament, owner, President, Secretary and Treasurer of

Debtor American Land Acquisition Corporation who in his individual capacity

objects to the Trustee Marc A. Pergament's Final report as follows:

### Background

2). Marc A Pergament Trustee of American Land Acquisition Corporation proceeds

to close the subject bankruptcy matter with a final report and application for

compensation In re: American Land Acquisition Corporation 812-76440. He does

this without notice to myself Dale Robert Javino the person he deemed the

responsible party. Trustee Pergament had spent much time laboring legal arguments

and presenting many motions to the Honorable Court but failed to do his duty as a

Trustee at various levels and when he did do his duty by virtue of generating

unwarranted legal hours he would hide, destroy, change, obstruct justice and cheat

by virtue of not being transparent in everything he did. Negative Words are easy to

say and admonishing someone is easy to do but I will prove to this Court that the

Trustee is corrupt and should be held in criminal contempt for obstructing the proper

1

administration of justice in all avenues of this bankruptcy matter and his legal bill should be drastically reduced for all his unwarranted laboring in lieu of he hiding the conclusions of some very serious matters pertaining to these bankruptcy legal issues and his legal laboring with all the motion practice in this bankruptcy as follows:

## OBSTRUCTION OF EVIDENCE BY TRUSTEE PERGAMENT
## AND OFFSETTING HIS LEGAL BILL IN LIEU OF THE OBSTRUCTION

3). I have attached (EXHIBIT A) a motion with a proposed order dated March 5 2013 Pursuant to bankruptcy rule 2004 submitted by Trustee Pergament to subpeona Eugene Smith to appear to be deposed at Pergamanet's office in Garden City on April 16, 2013. Trustee did depose Mr Smith on that day who is the party and person that is in contract to Purchase half (50%) of the Property 1000 Tenth Street, Ronkonkoma for FIVE HUNDRED THOUSAND (500,000) DOLLARS ( SEE CONTRACT AS EXHIBIT B) and the subject property of the entire bankruptcy which was sold by Trustee Pergament for SIX HUNDRED THOUSAND (600,000) DOLLARS on August 5, 2013 one day before a motion to convert the Chapter 7 to a Chapter 11 was to be decided. Please note: The Chapter 7 to 11 Conversion was pushed off from July 2013 for a service technicality. Moreover the original Converting motion was submitted and paid for in March of 2013 but was denied in lieu of it being PRO SE. The second Motion to convert was paid for gain and submitted by the Attorney and was denied in September 2013. . After Trustee did all the legal work, writing the subpeona's, motions, proposed orders and all legal work affiliated to the Subpeona of Eugene Smith deposition The Trustee purposesly and willfully refused for anyone to review

2

the deposition and alledgedly **DESTROYED BANKRUPTCY EVIDENCE** and in addition

Judge Trust signed an extensive order. Please see attached correspondences of Marc

Pergament who declined to show anyone the transcript of that deposition, letter from

Attorney McNamara requesting the deposition of April 16, 2013 of Eugene Smith to

Pergamant dated July 2, 2013 (EXHIBIT C)   and the response from Trustee Pergament

( EXHIBIT D) who clearly states that the transcript of April 16, 2013 of Eugene Smith

the contract purchaser of the Ronkonkomna property  quoting..." **Be advised that**

**there is no transcript of the Rule 2004 examination of Gene Smith."**

Trustee Pergament abuses his authority and destroys evidence important critical

evidence without any negative ramification from this honorable Court. He commits

a federal crime which information would have changed everything in this case.

Furthermore where is 1). All correspondences between the debtor or Dale Javino

and Eugene Smith or any of his representatives. 2). All correspondences between

debtor or Dale Javino with Gene's Four Season's Landscaping & Nursery, Inc. or any

of its representatives. 3). All contracts between the debtor and Gene Smith. 4). All

contracts between the debtor and Gene's Four Season's Landscaping & Nursery Inc.

5). All documents that refer or relate to the debtor's real property, including

appraisals and environmental reports.   WHERE ARE ALL THIS MATERIAL WHY IS IT

MISSING.  I DEMAND THE TRANSCRIPT OF THE DEPOSITION I HAVE A RIGHT TO

REVIEW IT. THIS DEPOSITION WILL PROVE THAT THERE WAS AN EXISTING

PREPETITION CONTRACT TO SELL HALF THE PROPERTY FOR 500,000 DOLLARS

WHICH WOULD HAVE PREVENTED THE TOTAL LOSS OF MY PROPERTY AT THE WORST CASE SENARIO I DEMAND ANSWERS..

I demand that the legal billing be reduced fifteen thousand (15,000) dollars in lieu of this dastardly act of criminal obstruction and waste of legal laboring. I demand that the transcript of April 16, 2013 deposition of Eugene Smith be handed over to Judge Trust and myself for review. I DEMAND THAT ALL COURT ORDERED DOCUMENTS IN POSSESSION OF TRUSTEE PERGAMENT BE HANDED OVER IMMEDIATELY Disclosure rather than suppression promotes the proper administration of justice. Please reduce Pergaments billing fifteen thousand (15000) dollars.

### TRUSTEE FAILED TO SCHEDULE AND AUCTION PERSONAL PROPERTY AND TO PURPOSELY FINANCIALLY HARM OWNER OF DEBTOR BY DESTROYING IT ALL

4).    I have attached a schedule of personal property ( SEE EXHIBIT E) that mostly was removed from the property in question boundaries and PARKED TEMPORARILY on a public highway. Trustee Pergament called the police and told them I was not allowed to take my personal property when I came there to do so and billed the estate for his time on the phone with police. Trustee also committed a perjurous act by stating on the record that he didn't call the police when in fact he absolutely did. Trustee Pergament had my personal property destroyed and thrown in the garbage as retaliation of commencing a 42 USC 1983 CIVIL RIGHT ACTION against him CV 13-1951. The action was dismissed on a technicality that I did not ask permission from the appointing Court to sue the Trustee "Barton Doctrine".

4

Permission was in fact asked on August 6, 2013 and was granted by Judge Trust. I'm damaged in the amount one hundred & ninety four thousand five hundred & thirty (194,530) dollars. I demand that the Court reduce the amount due to Trustee Pergament by the amount of one hundred & ninety four thousand five hundred and thirty (194,530) dollars.

### MONEY PAID TO CREDITOR AND TRUSTEE FAILED TO OFFSET THE PAYMENT

5).    Sixty Thousand (60,000) dollars was paid to Joseph Gazza ( SEE EXHIBIT F) before he commenced a foreclosure lawsuit and before Gazza passed away by virtue of cashing my check and giving him cash see attached check front and back. There is a pending Civil action in Suffolk Supreme Court stayed in lieu of this bankruptcy.   No hearing or anything was done  Trustee just simply paid the creditor whatever they asked for without being objective or transparent.  Trustee's Notice page  (2) line (2) "and approved disbursements of  $ 461, 843.50 . Where is the schedule of the disbursements.  I demand a copy of the schedule of disbursements totaling 461,843.50.

### CREDITOR GAZZA AGREE'S TO ACCEPT ONE HUNDRED AND FIFTY THOUSAND (150,000) DOLLARS

6).    I also demand that the funds paid to the Estate of Gazza be reduced according to the amount that was agreed upon One hundred and fifty thousand (150,000) dollars  dated  August 3, 2012.   Again in retaliation of commencing a Civil rights law suit against the Trustee Pergament  he purposely financially is causing the owner myself financial harm by virtue of malfeasance,

5

misappropriation and capriciously throwing the estates money away instead

of doing his job properly. (See attached EXHIBIT G ) payoff letter from Gazza

creditor attorney on or about August 3, 2012 two months before the filing of the

bankruptcy.   Where is the regulations and control of the funds. The Trustee is

purposely and willfully causing financial harm he claimed to pay approved

disbursement, who approved the disbursements and why is it FOUR HUNDRED

AND SIXTY ONE THOUSAND EIGHT HUNDRED AND FORTY THREE DOLLARS &
FIFTY

$ 461, 843.50 DOLLARS. .. when  both creditors were to accept TWO HUNDRED

THOUSAND (200,000) DOLLARS COMBINED.  OVER TWO HUNDRED AND SIXTY

THOUSAND (260,000) DOLLAR discrepancy and that

seems not to include Pergamant and his law firms outrageous legal fee's of over

ONE HUNDRED THOUSAND (100,000) DOLLARS.

### TRUSTEE PERGAMENT FAILED TO PAY REAL PROPERTY TAXES
### AND ALL THE INVENTORY WAS TAKEN BACK BY THE TAXING COUNTIES

7).    Trustee Pergament failed to pay the annual Real property taxes ( see exhibt H)

on surplus inventory of real estate owned by the debtor. This was in lieu of any

surplus would go to Dale Javino as the owner of debtor and Pergament intentionally

 in retaliation that Javino commenced a Civil Rights action against the Trustee in

lieu of his criminal contemptuous  acts did not want the owner Javino to get any

funds. Please review the amount of surplus funds left for Javino. Its exactly Zero.

Pergament stated in his Affirmation in support of contempt of Javino and sanction

for 37,331.85 dated August 20, 2013 verbatum at the top of page two " **Needless to say in the event Mr Javino had cooperated with me and my counsel as Trustee, much of the Legal costs incurred would have not been incurred and there would have been a SUBSTANCIAL SURPLUS for the benefit of Mr Javino.**"

If anything that will show anyone with an 8th grade mentality that Pergament purposely Capriciously abused his authority and made sure there was nothing left for Javino. It sound more like extorsion and Civil Rico If you comply you wont get hurt like a bank robbery. I ask that the amount of funds be allocated so that the real property that was taken back by the taxing counties get paid so that I can get my properties back and close the bankruptcy and give me back my company which was stolen and absued by Marc Pergament for his Larceny of all its equity, Deem his overzellous legal billing as a fraudulent scheme padding of the legal billing for the purpose of financial harm its so obvious and any further equitable relief this Court deems just and proper.

DATED: CENTER MORICHES
NEW YORK
NOVEMBER 16, 2015

DALE ROBERT JAVINO  Pres.

SWORN TO BEFORE ME THIS 16TH DAY OF NOVEMBER 2015

NOTARY

ANTHONY GEORGE SORBERA JR
Notary Public - State of New York
NO. 01SO6230393
Qualified in Suffolk County
My Commission Expires Nov 1, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                              Chapter 7

American Land Acquisition Corporation,              Case No. 812-76440-735

        Debtor.

------------------------------------------------------------X

**EX PARTE MOTION FOR ORDER PURSUANT TO FEDERAL
RULES OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING MARC A.
PERGAMENT, CHAPTER 7 TRUSTEE OF THE ESTATE OF AMERICAN
LAND ACQUISITION CORPORATION TO CONDUCT EXAMINATIONS OF
EUGENE SMITH AND GENE'S FOUR SEASON'S LANDSCAPING & NURSERY,
INC. AND DIRECTING THE PRODUCTION OF DOCUMENTS**

        Marc A. Pergament, Chapter 7 Trustee ("Trustee") of the Estate of American Land Acquisition Corporation ("Debtor"), by and through his attorneys, Weinberg, Gross & Pergament LLP, seeks, by this *ex parte* motion ("Motion"), the entry of an order substantially in the form annexed hereto as Exhibit "A" ("Order"): (a) authorizing the Trustee to issue subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the testimony from Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. and directing Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. to produce documents identified in the Request for Documents annexed hereto as Exhibit "A"; (b) authorizing the Trustee to serve the Rule 2004 subpoenas via certified mail with a copy of the Order; and (c) for such other and further relief as this Court deems just and proper.

        In support of this Motion, Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.    I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit, the United States District Court for the Eastern and Southern



90

Districts of New York and am a member of the firm of Weinberg, Gross & Pergament LLP, attorneys for the Trustee. As such, I am fully familiar with the facts and circumstances contained herein.

2. This Affirmation is presented in support of my ex parte motion for an Order: (a) authorizing the Trustee to issue subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the testimony from Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. and directing Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. to produce documents identified in the Request for Documents annexed hereto as Exhibit "A"; (b) authorizing the Trustee to serve the Rule 2004 subpoenas via certified mail with a copy of the Order; and (c) for such other and further relief as this Court deems just and proper.

3. On October 26, 2012, ("Petition Date") the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. The Debtor's principal represented at a Court hearing that Mr. Smith or his company, Gene's Four Season's Landscaping & Nursery, Inc., had agreed to purchase the Debtor's property. The Debtor represented that the contract had been executed and that the transaction was moving forward.

5. The examination of Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. is required to obtain information relative to that purported transaction and gather information to assist the Trustee in his sale of the property.

6. Accordingly, on behalf of the Debtor's estate and in furtherance of the orderly and efficient administration of the Debtor's estate, it is imperative that the Trustee be given an immediate opportunity to conduct a Rule 2004 examination of Eugene Smith and

Gene's Four Season's Landscaping & Nursery, Inc. who possess information relating to the purported transaction and to require the production of the documents set forth in the Request for Documents annexed hereto as Exhibit "A".

7. There is an urgent need for Rule 2004 Examinations to be conducted as soon as possible so as to assist the Trustee in discovering property of the Estate.

## Legal Authority

8. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> (c) *Compelling attendance and production of documentary evidence.* The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

9. An application for a Bankruptcy Rule 2004 examination may be considered ex parte or after notice. *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993); see also *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997) ("Rule 2004 motions are generally granted ex parte, as was the case here, without the advance notice required to be given in a contested matter."). Rule 9077-1(b) of the Local Rules for the Bankruptcy Court in the

Eastern District of New York require that requests for ex parte orders are based on an affidavit or an affirmation showing cause for ex parte relief.

   10.   It is well established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996; *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a "fishing expedition." *In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n.3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions"). Examinations under Bankruptcy Rule 2004(a) and (c) in a chapter 7 case may properly include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the debtor, any matter which may affect the administration of a debtor's estate, and any matter relevant to the case.

   11.   Here, the information sought by the Trustee in connection with this Motion is consistent with Bankruptcy Rule 2004 and the interpretive case law. "The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the Court to discovery its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States*, 231 U.S. 710, 717 (1914)). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); *see also In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) (third parties may be subject to examination if they have knowledge of the debtors' affairs).

12. The Trustee is seeking to discover information and documents related to assets that is property of the Debtor's estate and respectfully submits that such information and documents fall within the broad scope of Rule 2004.

13. Accordingly, the Trustee's request presents a "matter which may affect the administration of the debtor's estate" under Bankruptcy Rule 2004(b).

### Waiver of Memorandum of Law

14. Because this Motion does not present any novel issues of law and the appropriate citations relied on by me are cited herein, I respectfully request that the Court waive the requirement of the filing of a separate memorandum of law in support of this Motion under Local Bankruptcy Rule 9013-1.

### Prior Request for Relief

15. No prior application for the relief sought herein has been made to this or any other Court.

### Conclusion

WHEREFORE, for the foregoing reasons, it is respectfully requested that this honorable Court grant the Trustee's motion and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       March 5, 2013

_____
Marc A. Pergament

94

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:                                                            Chapter 7

American Land Acquisition Corporation,          Case No. 812-76440-735

       Debtor.

-------------------------------------------------------X

### ORDER GRANTING EX PARTE MOTION FOR ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING EXAMINATION AND DIRECTING PRODUCTION OF DOCUMENTS

Upon the ex parte motion (the "Motion")[1] of the Trustee, by and through his counsel, Weinberg, Gross & Pergament LLP, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and the Court being satisfied that the relief sought in the Motion is appropriate under the circumstances; and good and sufficient cause appearing for the entry of this Order;

IT IS HEREBY ORDERED, that the relief requested in the Motion is granted as set forth below; and it is further

ORDERED, Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. shall produce the documents set forth in the Request for Documents at the offices of Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, New York within thirty (30) days after service of this Order; and it is further

ORDERED, that Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. are directed to appear for examination and testify as to assets and income at the

---

[1] capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

96

offices of Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, New York within twenty (20) days after service of this Order; and it is further

ORDERED, that service of a copy of this Order, with the Request for Documents, and Rule 2004 subpoenas, by personal service upon Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. on or before March __, 2013, shall be deemed good and sufficient notice.

## SCHEDULE A

### Request for Documents

1. All correspondence between the Debtor or Dale Javino and Eugene Smith or any of his representatives.

2. All correspondence between the Debtor or Dale Javino with Gene's Four Season's Landscaping & Nursery, Inc. or any of its representatives.

3. All contracts between the Debtor and Gene Smith.

4. All contracts between the Debtor and Gene's Four Season's Landscaping & Nursery Inc.

5. All documents that refer or relate to the Debtor's real property, including appraisals and environment reports.

98

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                            Case No.: 12-76440-ast

American Land Acquisition Corporation,      Chapter 7

                         Debtor.
------------------------------------------------------------X

## ORDER GRANTING MOTION FOR BANKRUPTCY RULE 2004 EXAMINATIONS AND DIRECTING PRODUCTION OF DOCUMENTS

Upon the *ex parte* motion (the "Motion")[1] of the Trustee, by and through his counsel, Weinberg, Gross & Pergament LLP, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court being satisfied that the relief sought in the Motion is appropriate under the circumstances; and good and sufficient cause appearing for the entry of this Order; it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the relief requested in the Motion is granted as set forth below; and it is further

**ORDERED**, Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. shall produce the documents set forth in the Request for Documents at the offices of Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, New York within **thirty (30) days** after service of this Order; and it is further

**ORDERED**, that Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc. are directed to appear for examination and testify as to assets and income at the offices of Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, New York within **twenty (20) days** after service of this Order; and it is further

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

*101*

ORDERED, that service of a copy of this Order, with the Request for Documents, and Rule 2004 subpoenas, by personal service upon Eugene Smith and Gene's Four Season's Landscaping & Nursery, Inc., shall be deemed good and sufficient notice.



Dated: March 7, 2013  
    Central Islip, New York

                                              Alan S. Trust  
                              United States Bankruptcy Judge

10a